UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

        Plaintiff,                         Case No. 1:09-cr-256-3

v.                                    HON. JANET T. NEFF

ALAN THOMAS BAUER, II #14582-040,

        Defendant.

_____/


**<u>OPINION</u>**

This matter is before the Court on Defendant Alan Thomas Bauer's Motion to Vacate, Set

Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt 122), based on alleged ineffective

assistance of counsel related to his plea agreement and his right to seek relief under § 2255.  The

Government filed a Response (Dkt 124), contending that Bauer's petition for post-conviction relief

is frivolous and subject to summary dismissal, and requesting an order finding Bauer had waived

the attorney-client privilege with regard to his claims of ineffective assistance of counsel.  The Court

entered an order finding that the privilege was so waived.

The Government thereafter secured an affidavit from Bauer's criminal defense attorney,

Michael Dunn, and filed a Motion to Dismiss Bauer's petition as barred by the statute of limitations

and frivolous (Dkt 127).  Bauer has filed a response (Dkt 132) and the Government has filed a reply

(Dkt 133).  The Court has reviewed the parties' submissions and concludes that Bauer's motion is

properly dismissed.

# I. BACKGROUND

Bauer was charged in a Second Superseding Indictment with one count of conspiracy to commit arson, 18 U.S.C. § 371; three counts of arson, 18 U.S.C. § 844(i); and two counts of use of fire to commit mail fraud, 18 U.S.C. § 844(h); related to a 2006 scheme with two codefendants to burn Jerry's Drive-In, Ray's Storage, and Stanton Lumber and Hardware in Stanton, Michigan. On December 4, 2009, Bauer entered a plea of guilty to counts 1 and 2, the arson of Jerry's Drive-In and the arson of Ray's Storage, in exchange for the undertakings by the Government in the written plea agreement. At the time of his guilty plea, Bauer admitted entering Jerry's Drive-In and setting the building on fire and admitted intentionally setting the fire that destroyed the Ray's Storage building. In the course of a voluntary statement to ATF, Bauer also admitted that he had earlier been involved in a separate arson scheme in 2003 with codefendant Steven Stewart, in which Stewart had arranged for Bauer to burn down a rental property located at 124 Vine Street, Stanton, Michigan.

On March 17, 2010, this Court sentenced Bauer to 120 months' incarceration on Counts 1 and 2, with each term to be served concurrently. Bauer was also ordered to pay approximately $500,000 in restitution relating to three of the four fires. No direct appeal was taken from the conviction and sentencing.

Bauer asserts that Attorney Dunn provided deficient and incorrect advice and assistance regarding his plea agreement, sentence, and appeal rights, including that his attorney rushed him to a plea and (1) failed to explain all that was entailed in his plea agreement; (2) erroneously advised him he would receive "20 years" if he appealed; (3) failed to advise him of sentencing consequences related to his codefendants' actions; and (4) incorrectly instructed him he could not appeal or file for relief under § 2255.

## II. STANDARDS

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant "'must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" *Humphress v. United States,* 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003)).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine disputed issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the movant's allegations "'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Valentine v. United States,* 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (internal quotations omitted)).

For the reasons stated below, the record in this case conclusively shows that Bauer is entitled to no relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

### III. DISCUSSION

#### A. Timeliness

The Government opposes Bauer's motion on the grounds that it is barred by the one-year limitations period applicable to actions under § 2255. Under the circumstances presented, Bauer was required to file for relief under § 2255 within one year from "the date on which the judgment of conviction becomes final."[1] 28 U.S.C. § 2255(f)(1). A criminal judgment becomes "final" for purposes of the statute of limitations "on the date on which the judgment of conviction becomes final." *Sanchez-Castellano v. United States,* 358 F.3d 424, 426 (6th Cir. 2004). A judgment of conviction does not become final until the right to direct appeal has expired. *Id.* In the absence of specific allegations concerning "excusable neglect or good cause," a criminal defendant must file his direct appeal no later than ten days after entry of the criminal judgment in his case.[2] *Id.*

Bauer's judgment of conviction was entered March 19, 2010 (Dkt 100). According to the Government's calculations, which Bauer does not dispute, Bauer's right to file a direct appeal expired on March 29, 2010, and thus the one-year limitations period to seek relief under 28 U.S.C. § 2255 expired on March 30, 2011. Bauer's instant motion was signed on or about November 11,

---

[1] As the Government notes, Bauer has made no allegations in his petition for relief concerning government actions impeding his right to file, any new Supreme Court decision or any recent discovery of new facts. *See* 28 U.S.C. § 2255(f)(2–4).

[2] The time for appeal was changed to fourteen days effective December 1, 2009. *See* Fed. R. App. P. 4(b)(1)(A) (eff. Dec.1, 2009). However, the sentencing transcript and the Government's limitations period calculations state a ten-day period for appeal (Dkt 126, Tr. 3/17/10, at 38; Dkt 127-1 at 4). Either way, the four-day difference does not affect the substantive analysis and disposition in this case. *See, e.g., United States v. Gillis,* No. 1:06 CR 290, 2011 WL 4007398, at *1, n.1 (N.D. Ohio Sept. 9, 2011).

2011 and filed by the Clerk's Office on or about November 18, 2011. He did not "file" this motion until November 11, 2011 at the earliest (the date it was signed), well beyond the one-year time bar.

Bauer does not contest that he failed to file his motion within the one-year limitations period. He asks, however, that the Court grant him equitable tolling from May 5, 2011 because from the time of his Judgment until May 5, 2011, he was housed at the Montcalm County, Michigan, Jail, which

does not have a law library, and he was therefore unable to exercise any appeal. He asserts that he was not transferred to federal prison until June 2011, where he filed his appeal (Dkt 132 ¶¶ 1-3).

The Government responds that Bauer has shown no grounds for equitable tolling. The Government argues that even if Bauer's assertions are factually true, a delay[3] in transporting Bauer to federal prison does not constitute an "extraordinary circumstance" supporting equitable tolling. Moreover, Bauer does not assert that he was unaware of the one-year filing requirement. The Court agrees that Bauer has failed to show that he is entitled to equitable tolling.

The one-year limitation period in § 2255 is subject to the doctrine of equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2560 (2010)). However, "[t]he petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Bauer cites no authority for the application of equitable tolling and provides only tenuous justification. The United States Supreme Court has held that a petitioner seeking equitable tolling

---

[3]The Government references a 90-day delay, relying on a transfer date of June 2010 rather than 2011 (Dkt 133 ¶ 4), which apparently is incorrect according to this Court's confirmation with the United States Marshal Service. Nonetheless, the Government's same argument would apply.

must (1) show "that he has been pursuing his rights diligently," and (2) point to "some extraordinary circumstance" that stood in the way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007); *Hall*, 662 F.3d at 749. Similarly, the Sixth Circuit has emphasized that equitable tolling is granted sparingly. *Hall*, 662 F.3d at 749. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 462 (6th Cir. 2012).

The Sixth Circuit has held that the statutory language itself is enough to place petitioners on notice of timing issues imposed by the statute of limitations. *Allen v. Yukins*, 366 F.3d 396, 402 (6th Cir. 2004). Even if Bauer lacked actual knowledge of the limitations period, ignorance of the law alone is insufficient to warrant equitable tolling. *See id*. at 403. Further, his bare assertion that he was unable to file an appeal because of his lack of access to a law library at the Montcalm County jail, without more, does not establish entitlement to equitable tolling in this action. *See Hall*, 662 F.3d at 751-52 (*pro-se* status, limited law-library access and unavailability of the trial transcript insufficient for equitable tolling given prisoner's additional delay in filing).

Bauer has not given a satisfactory explanation for his failure to timely file. "Absent a satisfactory explanation for his failure to timely file his habeas petition, [p]etitioner has failed to exercise due diligence in pursuing his claim; [p]etitioner's case is therefore not appropriate for the doctrine of equitable tolling." *Dunlap v. United States,* 250 F.3d 1001, 1010 (6th Cir. 2001). In addition, Bauer has not put forth any extraordinary circumstances that may have prevented him from filing. *See Lawrence*, 549 U.S. at 336; *Hall*, 662 F.3d at 749-52. Therefore, Bauer has not satisfied his burden of showing that he is entitled to equitable tolling. Bauer's § 2255 motion must be dismissed as time-barred.

## B.  Merits

Because Bauer's motion is time-barred, the Court need not address the merits of the specific claims raised.  Nonetheless, as briefly discussed below, the Court concludes that Bauer's motion is frivolous.

As noted in a previous order (Dkt 125) pertaining to Bauer's motion, this Court presided over Bauer's criminal case, and his postjudgment assertions do not credibly coincide with his representations on the record in plea and sentencing proceedings.  The affidavit provided by defense counsel Dunn further supports the lack of factual merit in Bauer's claims.

Pursuant to his Plea Agreement, Bauer waived both his right to appeal his sentence and his right to file a collateral attack, absent certain, limited circumstances.  To the extent Bauer's claims of ineffective assistance are not waived pursuant to this Plea Agreement, he has failed to meet his burden of showing entitlement to relief.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient, i.e., "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and that the deficient performance prejudiced the defense so as to render the result unreliable.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.

As pointed out by the Government, Bauer's complaints of ineffective assistance are either unsupported by the record or not legally viable on collateral attack.  Moreover, any showing of prejudice is wholly lacking.  To show prejudice, a defendant "must demonstrate a reasonable

probability that, 'but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial.'" *See Pilla v. United States,* 668 F.3d 368, 372-73 (6th Cir. 2012) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59 (1985)).  Bauer has not made such a showing.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Bauer.  RULES GOVERNING § 2255 CASES, Rule 11; *see also Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at the time the claim for relief is determined).  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.

Upon review, the Court determines that this standard is not met because reasonable jurists could not find it debatable whether Bauer's claims should be dismissed on the ground that they are time-barred by the statute of limitations in 28 U.S.C. § 2255(f).  As such, a certificate of appealability will be denied.

### V. CONCLUSION

Because Bauer's motion is time-barred, the Government's Motion to Dismiss (Dkt 127) is

GRANTED. Bauer's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.

§ 2255 (Dkt 122) is DISMISSED with prejudice.

An Order of Dismissal consistent with this Opinion will enter.


DATED: June 28, 2012                    /s/ Janet T. Neff
                                        JANET T. NEFF
                                        United States District Judge